IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHAWN Y. HUNT McCLAIN,          )
                                )
            Plaintiff,          )
                                )
      v.                        )      1:12CV1374
                                )
CAROLYN W. COLVIN,              )
Commissioner of Social          )
Security,                       )
                                )
            Defendant.          )

### MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Plaintiff Shawn Y. Hunt McClain brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Act. (Doc. 2.) The parties have filed cross-motions for judgment (Docs. 9, 14), and the administrative record has been certified to the court for review. For the reasons set forth below, the Commissioner's motion will be granted, McClain's motion will be denied, and this case will be dismissed.

**I.   BACKGROUND**

McClain filed her initial application for Disability Insurance Benefits ("DIB") on September 30, 2009, alleging a

disability onset date of October 13, 2003. (Tr. at 147-51.)[1] Her application was denied initially (id. at 59-65) and upon reconsideration (id. at 66-73). Thereafter, McClain requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). (Id. at 100.) McClain, along with her attorney and a vocational expert ("VE"), attended the subsequent hearing on December 16, 2011. (Id. at 26.) The ALJ ultimately determined that McClain was not disabled within the meaning of the Act (id. at 21) and, on October 23, 2012, the Appeals Council denied McClain's request for review of the decision, thereby making the ALJ's conclusion the Commissioner's final decision for purposes of judicial review (id. at 1-5).

In rendering her disability determination, the ALJ made the following findings later adopted by the Commissioner:

1. The claimant last met the insured status requirements of the Social Security Act through December 31, 2008.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 13, 2003 through her date last insured of December 31, 2008 (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: hypertension, asthma and cardiac abnormalities including mitral regurgitation, mitral stenosis and tachycardia (20 CFR 404.1520(c)).

---

[1] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Doc. 6.)

> . . . .
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).
>
> . . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) sitting, and standing and walking up to six hours each in an eight-hour workday, lifting and carrying up to 20 pounds occasionally and ten pounds frequently, with an additional limitation of avoidance of concentrated pulmonary irritants.
>
> . . . .
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a fast food worker. This work did not require performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

(Id. at 16-17, 20.) Because McClain was capable of performing past relevant work, the ALJ determined that she was not disabled under the meaning of the Act. (Id. at 21.)

**II. ANALYSIS**

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). However, "the scope of . . . review of [such an administrative] decision

. . . is extremely limited." Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981). "The courts are not to try the case *de novo*." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974). Instead, "a reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted) (internal brackets omitted) (setting out the standards for judicial review). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (quoting Richardson v. Perales, 402 U.S. 389, 390 (1971)). "[I]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Hunter, 993 F.2d at 34 (quoting Laws, 368 F.2d at 642) (internal quotation marks omitted).

"In reviewing for substantial evidence, the court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the [ALJ, as adopted by the Social Security Commissioner]." Mastro, 270

4

F.3d at 176 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal brackets omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Social Security Commissioner or the ALJ]." Hancock, 667 F.3d at 472 (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). The issue before this court, therefore, "is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Craig, 76 F.3d at 589.

In undertaking this limited review, the court notes that in administrative proceedings, "[a] claimant for disability benefits bears the burden of proving a disability." Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). In this context, "disability" means the "'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Id. (quoting 42 U.S.C. § 423(d)(1)(A)).[2]

---

[2] "The Social Security Act comprises two disability benefits programs. The Social Security Disability Insurance Program . . . provides benefits to disabled persons who have contributed to the program while employed. The Supplemental Security Income Program . . . provides benefits to indigent disabled persons. The statutory definitions and

5

"The Commissioner uses a five-step process to evaluate disability claims." Hancock, 667 F.3d at 472 (citing 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4)).

> Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.

Id. The claimant bears the burden as to the first four steps, but the Commissioner bears the burden as to the fifth step. Id. at 472-73.

In undertaking this sequential evaluation process, the five steps are considered in turn, although a finding adverse to the claimant at either of the first two steps forecloses a disability designation and ends the inquiry. In this regard, "[t]he first step determines whether the claimant is engaged in 'substantial gainful activity.' If the claimant is working, benefits are denied. The second step determines if the claimant is 'severely' disabled. If not, benefits are denied." Bennett v. Sullivan, 917 F.2d 157, 159 (4th Cir. 1990).

If a claimant carries her burden at each of the first two steps and also meets her burden at step three of establishing an

---

the regulations . . . for determining disability governing these two programs are, in all aspects relevant here, substantively identical." Craig, 76 F.3d at 589 n.1 (internal citations omitted).

impairment that meets of equals an impairment listed in the regulations, the claimant is disabled, and there is no need to proceed to step four or five. See Mastro, 270 F.3d at 177. Alternatively, if a claimant clears steps one and two, but falters at step three, i.e., "[i]f a claimant's impairment is not sufficiently severe to equal or exceed a listed impairment," then the analysis continues and the ALJ must assess the claimant's residual functional capacity ("RFC"). Id. at 179.[3] Step four then requires the ALJ to assess whether, based on that RFC, the claimant can "perform past relevant work"; if so, the claimant does not qualify as disabled. Id. at 179-80. However, if the claimant establishes an inability to return to prior work based on that RFC, the analysis proceeds to the fifth step, which shifts the burden of proof and "requires the Commissioner to prove that a significant number of jobs exist which the claimant could perform, despite [the claimant's] impairments."

---

[3] "RFC is a measurement of the most a claimant can do despite [the claimant's] limitations." Hines, 453 F.3d at 562 (noting that administrative regulations require RFC to reflect claimant's "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis . . . [which] means 8 hours a day, for 5 days a week, or an equivalent work schedule" (internal emphasis and quotation marks omitted)). The RFC includes a "physical exertional or strength limitation" that assesses the claimant's "ability to do sedentary, light, medium, heavy, or very heavy work," as well as "nonexertional limitations (mental, sensory, or skin impairments)." Hall, 658 F.2d at 265. "RFC is to be determined by the ALJ only after [the ALJ] considers all relevant evidence of a claimant's impairments and any related symptoms (*e.g.*, pain)." Hines, 453 F.3d at 562-63.

7

Hines, 453 F.3d at 563. In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's RFC] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall, 658 F.2d at 264-65. If, at this step, the Commissioner cannot carry its "evidentiary burden of proving that [the claimant] remains able to work other jobs available in the community," the claimant qualifies as disabled. Hines, 453 F.3d at 567.

In the present case, the ALJ found that McClain had not engaged in "substantial gainful activity" since her amended alleged onset date. (Tr. at 16.) She therefore met her burden at step one of the sequential evaluation process. At step two, the ALJ further determined that McClain suffered from the following severe impairments: hypertension, asthma and cardiac abnormalities including mitral regurgitation, mitral stenosis, and tachycardia. (Id.) The ALJ found at step three that these impairments did not meet or medically equal a disability listing. (Id. at 17.) Accordingly, the ALJ assessed McClain's RFC and determined that she could perform light work. (Id.) At step four, the ALJ found McClain was not precluded by a light-work RFC from performing her past relevant work as a fast-food worker. (Id. at 20.) Thus, the ALJ concluded that McClain was not disabled under the Act. (Id. at 21.)

McClain lists only two assignments of error. She first contends the ALJ erred by failing to list her obesity or obesity hypoventilation syndrome as severe impairments at step two of the five-step inquiry. (Doc. 10 at 2-3.) However, even assuming these impairments were severe, such error does not necessitate remand. As long as the ALJ determines that the claimant has at least one severe impairment and proceeds to discuss all of the medical evidence, any error regarding failure to list a specific impairment as severe at step two is harmless. See Beitzel v. Comm'r, Soc. Sec. Admin., Civ. No. SAG-12-2669, 2013 WL 3155443, at *2 (D. Md. June 18, 2013); Wake v. Astrue, No. 2:11CV35, 2012 WL 6851168, at *4 (W.D.N.C. Dec. 4, 2012), adopted by 2013 WL 145764 (W.D.N.C. Jan. 14, 2013). McClain does not argue, nor does the record reflect, that the ALJ failed to consider relevant evidence in her calculation of the RFC. Thus, this argument must fail.

Second, McClain argues that the ALJ erred by failing to include McClain's shortness of breath in the RFC or in the hypothetical question she posed to the VE. (Doc. 10 at 4-6.) With respect to the hypothetical question, the Commissioner is correct that the ALJ is not supposed to present the VE with evidence of medical impairments. See Fisher v. Barnhart, 181 F. App'x 359, 365 (4th Cir. 2006) ("[I]n arguing that an ALJ must include a list of the claimant's medical impairments in his

9

hypothetical question to the vocational expert, [the claimant] fundamentally misunderstands the scope of the vocational experts' expertise. Vocational experts are not experts in psychology who are qualified to render opinions on how the claimant's ailments might be reflected in his capabilities; rather, they are employment experts who know the mental and physical demands of different types of work.").[4] Thus, the ALJ acted properly by not presenting the VE with such evidence. As for the RFC, the ALJ did not fully credit McClain's testimony about her shortness of breath, finding it to be contrary to the record evidence. (Tr. 19-20.) She thus did not have to account for the limitation in calculating the RFC. See Pruitt v. Colvin, No. 5:13-CV-00124, 2014 WL 1713832, at *3-4 (citing Hatcher v. Sec'y, Dep't of Health and Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)). This court will not disturb the ALJ's finding; substantial evidence supports her decision not to credit McClain's breathing limitations and thus not to include them in the RFC. (See, e.g., id. at 429-32, 212-35.)[5]

---

[4] Unpublished opinions of the Fourth Circuit are not precedential but are cited for their persuasive reasoning. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions" and that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning" (citation omitted)).

[5] Although McClain mentions her obesity in the heading and first paragraph of this section of her brief, she fails to make any argument that her obesity was not properly accounted for in her RFC.

10

## III. CONCLUSION

For the reasons stated, the court finds that the factual findings of the ALJ, which were adopted by the Commissioner, are supported by substantial evidence and were reached through application of the correct legal standard.

IT IS THEREFORE ORDERED that McClain's motion for judgment on the pleadings (Doc. 9) is DENIED, the Commissioner's motion for judgment on the pleadings (Doc. 14) is GRANTED, and this action is DISMISSED WITH PREJUDICE.

                                        /s/    Thomas D. Schroeder
                                  United States District Judge

May 23, 2014